B18W (Form 18W) (08/07)

# United States Bankruptcy Court

Northern District of Illinois
Case No. 13–03961
**Chapter 13**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Matija Copot
917 S. 8th Avenue, Unit #12
La Grange, IL 60525

Social Security / Individual Taxpayer ID No.:
xxx–xx–1943

Employer Tax ID / Other nos.:

**DISCHARGE OF DEBTOR AFTER COMPLETION
OF CHAPTER 13 PLAN**

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtor's plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

FOR THE COURT

Dated: <u>October 29, 2013</u>                             <u>Kenneth S. Gardner, Clerk</u>
                                                            United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 13-03961-JPC
Matija Copot                                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1          User: dwilliams          Page 1 of 1          Date Rcvd: Oct 29, 2013
                              Form ID: b18w            Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 31, 2013.
```
db          +Matija Copot,    917 S. 8th Avenue, Unit #12,    La Grange, IL 60525-6925
19991922    +BMO Harris Bank N.A.,    111 W. Monroe Street,    Chicago, IL 60603-4095
19991921    +BMO Harris Bank N.A.,    200 W. Monroe St, Fl 19,    Chicago, IL 60606-5133
19991920    +Bayview Loan Servicing,    62516 Collection Center Drive,    Chicago, IL 60696-0001
19991923     Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
19991924    +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
20206075     FIA CARD SERVICES, N.A.,    4161 Piedmont Parkway,    NC4 105 03 14,    Greensboro, NC 27410
19991925    +Gomberg & Sharfman, Ltd,    208 S. Lasalle,    Suite 1410,    Chicago, IL 60604-1071
19991927    +Harris Bank,    1050 Maple Avenue,    Lisle, IL 60532-2329
19991926    +Harris Bank,    800 East Northwest Highway,    Palatine, IL 60074-6579
19991928    +Loyola University Medical Center,    2160 South First Avenue,    Maywood, IL 60153-3328
19991931    +Loyola University Medical Center,    Patient Financial Services,    2160 South First Avenue,
              Maywood, IL 60153-3328
19991929    +Loyola University Medical Center,    PO Box 4866,    Oak Brook, IL 60522-4866
19991930    +Loyola University Medical Center,    PO Box 6559,    Carol Stream, IL 60197-6559
19991932    +Matthew Copot,    15101 W. Victoria Crossing,    Lockport, IL 60441-6326
19991933    +Nationwide Credit,    815 Commerce Drive,    Oak Brook, IL 60523-8852
19991934    +Nationwide Credit & Collection,    P.O. Box 3159,    Hinsdale, IL 60522-3159
19991935    +Nationwide Credit & Collection Inc,    PO Box 3159,    Oak Brook, IL 60522-3159
19991936    +Nationwide Credit Corporation,    5503 Cherokee Avenue,    Alexandria, VA 22312-2307
19991937    +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
19991938    +Villa Venice Condo Association,    939 8TH AVE,    La Grange, IL 60525-6901
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
20030175    +E-mail/Text: bkmailbayview@bayviewloanservicing.com Oct 30 2013 00:22:57
              Bayview Loan Servicing, LLC,    Attn: Erin McConville,    895 SW 30th Avenue, Suite 202,
              Pompano Beach, FL 33069-4818
                                                                                              TOTAL: 1
```

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 31, 2013                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 29, 2013 at the address(es) listed below:
              Mohammed O Badwan    on behalf of Debtor Matija  Copot mbadwan@sulaimanlaw.com,
               mbadwan@sulaimanlaw.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.co
               m;SulaimanLaw@BestClientInc.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Raymond J Ostler    on behalf of Creditor   Bayview Loan Servicing, LLC, as servicer for First
               Midwest Bank rostler@gsgolaw.com
              Tom Vaughn    ecf@tvch13.net, ecfchi@gmail.com
                                                                                              TOTAL: 4